UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Harry Jerome Evans,** | Civil No. 10-4045 (SRN/SER) |
| Petitioner, | ORDER |
| v. | |
| **John King, Warden, and**<br>**Joan Fabian, Commissioner,** | |
| **Respondents**. | |

Harry Jerome Evans, MCF-Stillwater, 970 Pickett Street North, Bayport, Minnesota 55003, pro se.

Matthew Frank, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, Minnesota 55101, and Peter R. Marker and Thomas R. Ragatz, Ramsey County Attorney's Office, 50 Kellogg Boulevard West, Suite 315, St. Paul, Minnesota 55102, for Respondents.

SUSAN RICHARD NELSON, United States District Judge

     This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Steven E. Rau dated July 29, 2011 [Doc. No. 15].  Petitioner filed timely objections to the R&R.  [Doc. No. 17].

     According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).  For the reasons that follow, the Court adopts the R&R.

     The R&R concludes that four of the eleven grounds raised in Petitioner's habeas petition are procedurally defaulted and must be dismissed.  Petitioner takes issue with the R&R's

determination as to three of the ostensibly defaulted grounds, Grounds Five, Six, and Seven. The objections do not mention Ground Ten, and thus Petitioner appears to concede that Ground Ten is procedurally defaulted.

Petitioner's argument with respect to the three grounds at issue is similar. He contends that the R&R "purports to resolve credibility against claims without holding evidentiary hearing." (Obj. at 2; see also Obj. at 4.) But the R&R's conclusion is one of law; the Magistrate Judge did not resolve any credibility issues or weigh any evidence. Rather, the R&R determined that four of the claims Petitioner attempted to raise had not been raised in the underlying state-court proceedings and that there was no legal excuse for Petitioner's failure to raise those claims.

As the R&R discussed, a federal court simply may not hear a claim that was not specifically and clearly raised in an underlying state proceeding. This is so because federal habeas relief is an extraordinary and very limited remedy, restricted to vindicating a state court's failure to follow federal law, whether statutory or constitutional, or correcting a state court's egregious factual errors. See 28 U.S.C. § 2254(d) (restricting federal habeas review to state-court adjudications that "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or of state-court decisions that were "based on an unreasonable determination of the facts in light of the evidence presented . . .").

Thus, although Petitioner believes that his constitutional rights were violated by the search of his home and in the course of his state-court criminal proceedings, it is not for this Court to make that determination. Rather, this Court may only determine whether the state court

made a fundamental mistake of law or fact when it considered Petitioner's arguments with regard to these alleged violations of his federal constitutional rights.  Having failed to present the arguments to the state court in the first instance deprives this Court of the power to make any determination whatsoever regarding those arguments.

Petitioner also contends that he did not procedurally default on his claims regarding the search warrant because he raised an ineffective-assistance-of-counsel claim with respect to his counsel's failure to challenge the search warrant.  But even if Petitioner's state-court ineffective-assistance claim was based on his attorney's failure to object to the search warrant, there is no indication that Petitioner ever specifically challenged the constitutionality of the search warrant in any underlying state proceeding.  His failure to do so constitutes a procedural default, and Petitioner's arguments regarding whether the warrant was in fact supported by probable cause are not relevant here.  Whatever the substantive merits of the claims he belatedly attempts to raise, Petitioner has failed to establish any basis from which to excuse his procedural default of his claims regarding the search warrant or his claim regarding the Schwartz hearing.  As the R&R recommends, the Court must dismiss those claims as procedurally barred.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Magistrate Judge Rau's Report and Recommendation (Doc. No. 15) is **ADOPTED**;

2. The Motion for Order for Stay and Abeyance (Doc. No. 3) is **DENIED**;

3. Grounds Five, Six, Seven, and Ten of the petition for a writ of habeas corpus (Doc. No. 1) are **DENIED** and **DISMISSED WITH PREJUDICE**;

4. Within 30 days of the date of this Order, Respondents are directed to respond to the merits of Grounds One through Four, Eight, Nine, and Eleven of the petition,

showing cause why Petitioner should not be granted a writ of habeas corpus as to those claims.  Petitioner shall file any response within 30 days of the date of Respondents' brief.

Dated:   August 29, 2011

                                              s/Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States District Judge