UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Harry Jerome Evans,

        Petitioner,                     Civil No. 10-4045 (SRN/SER)

   v.

John King, Warden and Joan Fabian,       **ORDER ADOPTING**
Commissioner of Department of            **REPORT AND**
Corrections,                                     **RECOMMENDATION**

        Respondents.

---

Harry Jerome Evans, pro se, #219265, MCF—Stillwater, 970 Pickett Street North, Bayport, Minnesota 55003.

Matthew Frank, Esq., Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, Saint Paul, Minnesota 55101; Peter R. Marker and Thomas R. Ragatz, Esqs., Ramsey County Attorney's Office, 50 West Kellogg Boulevard, Suite 315, Saint Paul, Minnesota 55102, on behalf of Respondents.

---

SUSAN RICHARD NELSON, United States District Court Judge

     This matter is before the undersigned United States District Judge for consideration of Petitioner Harry Jerome Evans' Objections (Doc. No. 28) to Magistrate Judge Steven E. Rau's July 30, 2012, Report and Recommendation ("R & R"). (Doc. No. 27.) The Magistrate Judge recommended denial of Evans' 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus with prejudice, his Motion for Leave to Amend his Petition, his request for an evidentiary hearing, and his request for a Certificate of Appealability. (Doc. No. 27). For the reasons set forth below, Evans' objections are overruled and the Court adopts the R & R.

1

I. **BACKGROUND**

The factual and procedural background of Evans' case is well documented in the Magistrate Judge's R & R and is incorporated herein by reference.[1] Briefly stated, a jury found Evans guilty of first-degree murder of a peace officer, in violation of Minnesota Statute § 609.185(a)(4).[2] State v. Evans, 756 N.W.2d 854, 862 (Minn. 2008) (hereinafter "Evans I"). The court sentenced Evans to life in prison without the possibility of release. Id. On direct appeal in 2008, the Minnesota Supreme Court remanded the case to the trial court to further develop the record on his juror bias claim and then affirmed the conviction. Id. at 862–64. In August 2009, a Minnesota state district court denied Evans' petition for post-conviction relief. Evans v. State, 788 N.W.2d 38, 41 (Minn. 2010) (hereinafter "Evans II"). The Minnesota Supreme Court affirmed. Id.

---

[1] The Court recites background facts only to the extent necessary to rule on Evans' Objections. The R & R provides a more comprehensive description of the facts relevant to Evans' state case and instant habeas petition. See R & R Dated July 30, 2012 (Doc. No. 27.) Additionally, the opinions of several courts have detailed the facts of the underlying crime that lead to Evans' conviction. See Order Dated August 29, 2011 (Doc. No. 18); R & R Dated July 29, 2011 (Doc. No. 15); Evans v. State, 788 N.W.2d 38 (Minn. 2010); State v. Evans, 756 N.W.2d 854 (Minn. 2008).

[2] Minnesota Statute § 609.185(a)(4) provides, in relevant part:

**609.185 MURDER IN THE FIRST DEGREE**
(a) Whoever does any of the following is guilty of murder in the first degree and shall be sentenced to imprisonment for life:
. . .
(4) causes the death of a peace officer or a guard employed at a Minnesota state or local correctional facility, with intent to effect the death of that person or another, while the peace officer or guard is engaged in the performance of official duties.

Minn. Stat. § 609.185(a)(4).

Evans filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 24, 2010, alleging (1) denial of a fair trial based on juror bias; (2) violation of the Confrontation Clause; (3) prosecutorial misconduct and ineffective assistance of trial and appellate counsel; (4) insufficient evidence to prove the offenses charged; (5) violation of the privilege against self-incrimination; (6) unconstitutional search and seizure; (7) denial of Evans' right to be present at the hearing where lawyers determined the procedures to be followed with respect to the Schwartz[3] hearing; (8) violation of due process; (9) improper ex parte contact with a juror by the government in anticipation of the Schwartz hearing; (10) unconstitutional selection of the grand jury and petit jury; and (11) denial of due process based on new evidence establishing innocence. (Pet. for Writ of Habeas Corpus, Doc. No. 1, at pp. 5–9); R & R dated July 30, 2012 at pp. 1–2 n.1 (Doc. No. 27); R & R dated July 29, 2011 at p. 7 (Doc. No. 15).

The Magistrate Judge recommended denial of Evans' petition for a writ of habeas corpus on all grounds. R & R dated July 30, 2012 at p. 2 (Doc. No. 27.) Evans objects to the recommendations. (Objections, Doc. No. 28, at pp. 2–18.) He alleges (1) denial of a fair trial because of a biased juror, (2) prosecutorial misconduct, and (3) ineffective assistance of trial and appellate counsel. (Id.) He also objects to the Magistrate Judge's denial of his request for a Certificate of Appealability ("COA"). (Doc. No. 29.) The

---

[3]    See Schwartz v. Minneapolis Suburban Bus Co., 104 N.W.2d 301 (1960).

Court adopts those portions of the R & R to which Evans does not object[4] and turns to Evans' objections.

## II. DISCUSSION

### A. Standard of Review

The district court reviews de novo those portions of an R & R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); accord D. Minn. LR 72.2(b). "If it plainly appears from the [habeas] petition . . . that the petitioner is not entitled to relief . . . the judge must dismiss the petition . . . ." 28 U.S.C. § 2254, pt. IV, Ch. 153, R. 4.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") prescribes the standard of review for petitions requesting writs of habeas corpus made by prisoners in state custody. The relevant portion of AEDPA is 28 U.S.C. § 2254(d), and it provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[4] Upon the filing of a R & R by a Magistrate Judge, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord D. Minn. LR 72.2(b). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." Mayer v. Walvatne, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).

4

>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The clause "contrary to" means (1) that the state court reached a conclusion of law in opposition to the holdings of the United States Supreme Court or (2) failed to reach the same decision as the Supreme Court on a case with materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405 (2000); accord Arnold v. Dormire, 675 F.3d 1082, 1085 (8th Cir. 2012). The "unreasonable application" clause provides that even if the state court correctly identifies the relevant Supreme Court principle, a prisoner's writ may be granted if the state court applied the principle unreasonably to the facts of the case. Williams, 529 U.S. at 407. "A state court's application of clearly established federal law must be objectively unreasonable, not merely incorrect, to warrant the granting of a writ of habeas corpus." Jackson v. Norris, 651 F.3d 923, 925 (8th Cir. 2011) (citing Bell v. Cone, 535 U.S. 685, 694 (2002)) (emphasis in original).

A writ of habeas corpus is available as a remedy to a state prisoner only after the prisoner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1)(A); see also Banks v. Dretke, 540 U.S. 668, 690 (2004). State court factual findings are "presumed to be correct," and this presumption can be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### B. Objections

#### 1. Denial of Fair Trial Because of a Biased Juror

Evans asserts that the trial court violated his constitutional right to a fair trial because a biased juror "inflicted it's [sic] cancerous cells amongst the jury during trial and during the deliberations." (Objections, Doc. No. 28, at p. 4.)  Evans further asserts that "the fact that this juror harbored ill feelings towards African Americans while sitting on the jury of an African American prejudiced Petitioner Evans [sic] constitutionally protected right to a Fair Trial." (Id. at p. 5.)

The Magistrate Judge correctly noted that a defendant has a constitutional right to an impartial jury.  See Irvin v. Dowd, 366 U.S. 717, 722 (1961).  The Supreme Court has held that "the remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias." Smith v. Phillips, 455 U.S. 209, 215 (1982); see also Remmer v. United States, 347 U.S. 227, 230 (1954) (instructing the trial court, in an action where the defendant alleged juror bias, to "determine the circumstances, the impact thereof upon the juror, and whether or not it was prejudicial in a hearing with all interested parties permitted to participate").  To succeed on a juror bias claim, a petitioner "must show that the juror was actually biased against him." Goeders v. Hundley, 59 F.3d 73, 75 (8th Cir. 1995).  To demonstrate actual bias, a petitioner must show "an impermissible affirmative statement." Williams v. Norris, 612 F.3d 941, 954 (8th Cir. 2010).

The Minnesota Supreme Court has provided a procedure for requesting such a hearing.  In Schwartz, the Minnesota Supreme Court stated that, in cases of alleged juror

bias, the parties should "bring the matter to the attention of the trial court, and, if it appears that the facts justify so doing, the trial court may then summon the juror before him and permit an examination in the presence of counsel for all interested parties and the trial judge under proper safeguards." 104 N.W.2d at 303.

Federal courts performing habeas review defer to a state court finding of juror bias if the record fairly supports it. Antwine v. Delo, 54 F.3d 1357, 1369 (8th Cir. 1995). Its finding is "based upon determinations of demeanor and credibility" and thus entitled to deference. Wain-Wright v. Witt, 469 U.S. 412, 428 (1985). A state court's factual determinations will only be set aside if they lack fair support in the record. See Rushen v. Spain, 464 U.S. 114, 120 (1983); Flieger v. Delo, 16 F.3d 878, 886 (8th Cir. 1994).

The Minnesota Supreme Court remanded Evans' case to have the trial court investigate his juror bias claim. The trial court then granted Evans' request for a Schwartz hearing, giving him the opportunity to introduce witnesses and cross-examine the State's witnesses, including the allegedly biased juror. Five witnesses testified for the state that they did not believe the juror was biased. The allegedly biased juror also testified and denied any bias. The trial court determined that Evans had failed to prove juror bias by a preponderance of the evidence. Evans I, 756 N.W.2d at 871. The Minnesota Supreme Court affirmed, explaining that "[t]he district court . . . declined to find that the juror was dishonest when she answered race-related questions on the jury questionnaire, and when she said it was not appropriate to use racist language." Id. at 870. The Magistrate Judge therefore correctly concluded that Evans failed to show that the state courts' decisions regarding his biased juror claim were inconsistent with federal

law or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

### 2.   Prosecutorial Misconduct

Evans objects to the Magistrate Judge's conclusion that the State's <u>ex parte</u> contact with the allegedly biased juror before the <u>Schwartz</u> hearing was not prosecutorial misconduct. The Magistrate Judge correctly stated that, to prove prosecutorial misconduct, Evans must show: "(1) the prosecutor's remarks or conduct were improper, and (2) the remarks or conduct prejudicially affected the defendant's substantial rights so as to deprive him a fair trial." <u>United States v. Ziesman</u>, 409 F.3d 941, 953 (8th Cir. 2005) (citation and quotations omitted). "[I]t is not enough that the prosecutors' remarks [or conduct] were undesirable or even universally condemned . . . . Rather, the relevant question is whether the prosecutors' comments [or conduct] so infected the trial with unfairness as to make the resulting conviction a denial of due process." <u>Mack v. Caspari</u>, 92 F.3d 637, 643 (8th Cir. 1996); <u>cert. denied</u>, 520 U.S. 1109 (1997) (citation and quotation omitted). Thus, a habeas petitioner "bears the heavy burden of showing that the alleged improprieties were so egregious that they fatally infected the proceedings and rendered his entire trial fundamentally unfair. Under this standard, a petitioner must show that there is a reasonable probability that the error complained of affected the outcome of the trial—i.e., that absent the alleged impropriety, the verdict probably would have been different." <u>Id.</u> at 643 (citation and quotation omitted).

The Magistrate Judge concluded that even assuming that the prosecutor's <u>ex parte</u> contact with the allegedly biased juror before the <u>Schwartz</u> hearing was improper, Evans

8

failed to show that it affected his substantive rights to a fair trial. R & R dated July 30, 2012 at p. 31 (Doc. No. 27.) The Magistrate Judge determined that the State had sufficient evidence proving Evans' guilt. Id. at p. 39. Witness testimony of Evans' guilt was corroborated by a 3M security videotape placing him at the crime scene. Evans II, 788 N.W.2d at 48. Additionally, "[u]pon execution of a search warrant for Evans' residence, police discovered a pair of jeans with a .38-caliber cartridge, and the bullet recovered from [the peace officer's] body was a .38-caliber bullet." Id. "DNA evidence [also] linked Evans to the shooting." Id. The Magistrate Judge correctly determined that Evans had failed to show that the result of the trial may have been different absent the prosecutors alleged impropriety.[5]

### 3.  Ineffective Assistance of Trial and Appellate Counsel

Evans objects to the Magistrate Judge's conclusions on his ineffective assistance of trial counsel and appellate counsel claims. The Magistrate Judge recommended denial of Evans' claim of ineffective assistance of trial counsel because it was procedurally barred by state law. R & R dated July 30, 2012 at p. 18 (Doc. No. 27). Additionally, the Magistrate Judge determined that Evans' claim of ineffective assistance of appellate counsel was meritless. Id.

The Magistrate Judge identified the correct standard for ineffective assistance of counsel claims. Generally, to establish a constitutional violation of the Sixth Amendment

---

[5] Evans also argues that the allegedly biased juror must have discussed the case outside the presence of the jury because the "right trial court" was alerted about the juror. (Objections, Doc. No. 28, at pp. 7–8.) This argument is without merit because Evans only speculates that such a discussion occurred and he has not shown that any alleged conversation hampered his ability to receive a fair trial.

based on ineffective assistance of counsel, a defendant must demonstrate that (1) the lawyer's performance was deficient and (2) the deficiency prejudiced his case. Mickens v. Taylor, 535 U.S. 162, 166 (2002); Strickland v. Washington, 466 U.S. 668, 694 (1984); United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). A lawyer's performance is deficient when it falls below the "range of competence demanded of attorneys in criminal cases." Strickland, 466 U.S. at 687. A deficiency prejudices a case when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Mickens, 535 U.S. at 166 (citation and quotation omitted).

A petitioner must demonstrate both prongs of the Strickland test to be entitled to relief and if either prong is unproven, the reviewing court need not analyze the other prong. Apfel, 97 F.3d at 1076. The United States Supreme Court has recently addressed the degree of deference due to state court decisions involving ineffective assistance of counsel claims:

> The question "is not whether a federal court believes the state court's determination" under the Strickland standard "was incorrect but whether that determination was unreasonable—a substantially higher threshold." And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (citations omitted).

### a. Ineffective Assistance of Trial Counsel

Evans contends that his trial counsel was ineffective because he failed to notify Evans of an administrative hearing held on September 20, 2007 where the trial court

10

determined the procedures for the Schwartz hearing. At the administrative hearing, Evans also contends that his counsel was ineffective because he proposed a subpoena cover letter to be sent to witnesses for the Schwartz hearing which stated, "you may speak with the attorneys working on this case or with persons who are working with the attorneys if you are contacted by them and if you wish to speak to them." Evans I, 756 N.W.2d at 865.

The Magistrate Judge correctly determined that Minnesota's Knaffla[6] rule procedurally bars Evans' ineffective assistance of trial counsel claim. A constitutional claim is procedurally defaulted if it has not been fairly presented in the state courts, and the state courts will no longer review it because an independent and adequate state procedural rule precludes further litigation of the claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Under Minnesota law, "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." Knaffla, 243 N.W.2d at 741. There are two exceptions to the Knaffla rule: (1) where a claim is so novel that its legal basis was not reasonably available at the time of direct appeal, or (2) if the defendant did not deliberately or inexcusably fail to raise the issue in the first appeal and fairness requires review. Townsend v. State of Minnesota, 723 N.W.2d 14, 18 (Minn. 2006).

Evans failed to raise his ineffective assistance of trial counsel claim in his direct appeal to the Minnesota Supreme Court even though it was based on the trial record. Evans II, 788 N.W.2d at 44. The Magistrate Judge correctly found that there would be no

---

[6]   State v. Knaffla, 243 N.W.2d 737, 741 (1976).

reason to excuse Evans' procedural default.  None of the claims Evans raises are "so novel that [their] legal basis was not reasonably available at the time of the direct appeal" and fairness does not require consideration of these claims following Evans' direct appeal.  Id.  Moreover, Evans cannot present compelling evidence that would establish conclusively that he is innocent and therefore cannot meet the second prong of the Strickland test.  The Magistrate Judge therefore properly concluded that Evans is not entitled to postconviction relief based on his claim of ineffective assistance of trial counsel.

### b.    Ineffective Assistance of Appellate Counsel

Evans argues that his appellate attorney was ineffective because he failed to challenge the effectiveness of his trial counsel's agreement to the language in the cover letter relating to the Schwartz hearing.  The Minnesota Supreme Court determined that this claim was meritless and the Magistrate Judge concluded that the Minnesota Supreme Court's holding was neither contrary to nor an unreasonable application of federal law.

Matters of trial strategy and tactics are not generally the basis for a claim of ineffective assistance of counsel, absent a tactical decision wholly lacking in reason. Williams–Bey v. Trickey, 894 F.2d 314, 316 (8th Cir. 1990) (finding no ineffective assistance of counsel for failure to cross-examine victim witness on certain subjects), cert. denied, 495 U.S. 936 (1990).  Moreover, as set forth in Strickland, "counsel's 'strategic choices made after thorough investigation are virtually unchallengeable' in a later habeas corpus action." Moeller v. Weber, 649 F.3d 839, 846 (8th Cir. 2011) (citation omitted).  Counsel is not ineffective under constitutional standards "merely

because other lawyers may have used another strategy" or hindsight reveals defects in counsel's strategy.  Walker v. Lockhart, 852 F.2d 379, 381 (8th Cir. 1988).

The Magistrate Judge correctly concluded that the Minnesota Supreme Court's holding was neither contrary to nor an unreasonable application of federal law.  The district court mailed the subpoenas along with the cover letter to five witnesses, including the allegedly biased juror.  Id. at 865.  Evans' counsel received a copy of that letter and did not object to the district court about its content or that the juror had received it.  Id. The Magistrate Judge appropriately determined that on this record, "applying the objective standard of reasonableness and the strong presumption that defense counsel's decisions were sound trial strategy, the state courts' determination on this issue was not unreasonable."  R & R dated July 30, 2012 at p. 28 (Doc. No. 27) (citation and quotation omitted).  Additionally, given the number of witnesses that testified that the juror was not biased, the Magistrate Judge correctly found that Evans had failed to provide any evidence that the juror would have testified differently had she not received the letter.

### III.    CERTIFICATE OF APPEALABILITY

The Magistrate Judge denied Evans' request for a COA because it was "unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Evans' claims any differently than they have been decided here."  R & R dated July 30, 2012 at p. 52 (Doc. No. 27).  Evans filed a supplemental brief on August 15, 2012, objecting to the Magistrate Judge's denial of a COA.  (Pet'r's Request for COA, Doc. No. 29, at pp. 1–6.)

A state prisoner may not appeal the denial of a 28 U.S.C. § 2254 habeas petition unless he is granted a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue. Barefoot v. Estelle, 463 U.S. 880, 894 (1983). Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Flieger v. Delo, 16 F.3d 878, 882–83 (8th Cir. 1994), cert. denied, 513 U.S. 946(1994); see also Lozada v. Deeds, 498 U.S. 430, 432 (1991).

The Magistrate Judge correctly determined that it is unlikely that any other court would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot discern anything novel or noteworthy about this case that warrants appellate review.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Harry Jerome Evans' Objections (Doc. No. 28) to Magistrate Judge Steven E. Rau's July 30, 2012, Report and Recommendation (Doc.

No. 27) are **OVERRULED**;

2. The Report and Recommendation is **ADOPTED**;

3. Petitioner's 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus (Doc. No. 1) is **DENIED**;

4. The action is **DISMISSED WITH PREJUDICE**;

5. Evans' Motion for Leave to Amend his Petition (Doc. No. 25) is **DENIED**;

6. Evans' request for an evidentiary hearing is **DENIED**; and

7. Evans will **NOT** be granted a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 19, 2012

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge