UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Harry Jerome Evans,** | Civil No. 10-4045 (SRN/SER) |
| Petitioner, | |
| | **MEMORANDUM** |
| v. | **OPINION AND ORDER** |
| **John King, Warden, and** | |
| **Joan Fabian, Commissioner,** | |
| Respondents. | |

_____

Harry Jerome Evans, MCF-Stillwater, 970 Pickett Street North, Bayport, Minnesota 55003, pro se

Matthew Frank, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, Saint Paul, Minnesota 55101; Peter R. Marker and Thomas R. Ragatz, Ramsey County Attorney's Office, 50 West Kellogg Boulevard, Suite 315, Saint Paul, Minnesota 55102, on behalf of Respondents.
_____

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Petitioner Harry Jerome Evans' Motion for Relief from Judgment [Doc. No. 44] and Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 45]. For the reasons stated below, Petitioner's motion is denied and his IFP application is denied as moot.

I.  BACKGROUND

In 2006, a jury found Evans guilty of first-degree murder of a peace officer, in violation of Minnesota Statute § 609.185(a)(4). State v. Evans, 756 N.W.2d 854, 862

(Minn. 2008) (hereinafter "Evans I"). The court sentenced Evans to life in prison without the possibility of release. Id. On direct appeal in 2008, the Minnesota Supreme Court remanded the case to the trial court to further develop the record on a juror bias claim. Id. at 862-64. After further development of the record, Evans raised several issues on appeal, some of which were presented by appellate counsel and some of which Evans raised in a pro se supplemental brief. Id. at 862. Among his pro se arguments, Evans argued that he was denied effective assistance of trial counsel because counsel failed to object to the admission in evidence of certain statements made by a police officer during an interview with Evans. Id. at 880, n.32. Because the court found that the admission of the statements was not error, it likewise held that Evans was not denied effective assistance of counsel. Id. Upon reviewing all of his claims, the Minnesota Supreme Court affirmed Evans' conviction. Id. at 881.

In August 2009, Evans filed a pro se petition for post-conviction relief in Ramsey County District Court, raising claims of ineffective assistance of counsel and various trial court errors. Evans v. State, 788 N.W.2d 38; 41; 43 (Minn. 2010) (hereinafter "Evans II"). After the post-conviction district court denied his petition, Evans appealed to the Minnesota Supreme Court. Id.

In his post-conviction appeal, Evans raised claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel, among other claims. Id. at 43. Specifically, he asserted that his trial counsel was ineffective for: agreeing to the use of a

subpoena cover letter sent to prospective Schwartz hearing witnesses[1]; failing to object to an alleged Miranda violation; failing to object to an unlawful search warrant; failing to object to the alleged violation of his Fourth Amendment rights; and failing to challenge jurisdiction. Id. Evans did not previously raise these bases for ineffective assistance of trial counsel in his direct appeal. Cf. id. with Evans I, 756 N.W.2d 854, 880 n.32. On Evans' post-conviction appeal, the Minnesota Supreme Court found that Evans' ineffective assistance of trial counsel claims were barred by State v. Knaffla, 243 N.W.2d 737, 741 (1976), which, upon a subsequent petition for relief, bars the assertion of all claims that could have been raised upon direct appeal. Evans II, 788 N.W.2d at 44. The court explained that because all of Evans' claims of ineffective assistance of trial counsel were based on the trial record, he either knew or should have known of the claims at the time of his direct appeal.[2] Id. Moreover, the court found that the two exceptions to Knaffla did not apply, i.e., the court determined that none of Evans' ineffective assistance claims were so novel that their legal basis was not determinable at the time of direct appeal and no claim of fairness required consideration of the claims. Id.

---

[1] A "Schwartz hearing" is one at which a juror is examined outside of the presence of other jurors about the juror's exposure to possibly prejudicial material. See Schwartz v. Minneapolis, 104 N.W.2d 301, 303 (Minn. 1960).

[2] Both the R&R [Doc. No. 27] and this Court's Order of September 19, 2012 adopting the R&R [Doc. No. 30] state that Evans did not raise an ineffective assistance claim on direct appeal. (R&R at 20 [Doc. No. 27]; Order of 9/19/12 [Doc. No. at 11 [Doc. No. 30].) While incorrect, these statements do not alter the basis of the Court's dismissal of Evans' habeas petition. The Minnesota Supreme Court properly applied Knaffla on Evans' post-conviction appeal. Evans II, 756 N.W.2d at 43-44.

In addition to arguing that his trial counsel was ineffective, Evans also argued that his appellate counsel was ineffective for failing to pursue claims of ineffective assistance of trial counsel. Id. at 45.  The Minnesota Supreme Court observed that when a petitioner asserts a claim of ineffective assistance of appellate counsel based on appellate counsel's failure to raise an ineffective assistance of trial counsel claim, the petitioner must first demonstrate that trial counsel was ineffective. Id. (citing Fields v. State, 733 N.W.2d 465, 468 (Minn. 2007)).  Although the court had concluded that Evans' ineffective assistance of trial counsel claims were procedurally barred, the court nonetheless analyzed the record regarding the effectiveness of trial counsel in order to resolve Evans' claims of ineffective assistance of appellate counsel. Id.  After thoroughly reviewing Evans' assertions of ineffective assistance of trial counsel against the record, the court found that Evans failed to establish that his trial counsel was ineffective. Id. at 47. Accordingly, the court found that appellate counsel did not provide ineffective inassistence. Id. (citing Williams v. State, 764 N.W.2d 21, 31-32 (Minn. 2009)).

On September 24, 2010, Petitioner commenced his habeas proceeding in federal court pursuant to 28 U.S.C. § 2254, alleging eleven claims, including ineffective assistance of counsel. (See Order of 9/19/12 at 3 [Doc. No. 30]) (citing Petition [Doc. No. 1].)  Evans asserted in his habeas petition that his trial attorney failed to challenge evidence and had conceded that his office was understaffed and could not handle its caseload. (Petition at 5 [Doc. No. 1].)   The magistrate judge construed Evans' Petition to assert claims of ineffective assistance of both trial and appellate counsel. (R&R at 1, n.1

4

[Doc. No. 27].) As to Evans' trial counsel claims, the magistrate judge found them procedurally barred by Knaffla because Evans could have raised them on direct appeal. (Id. at 20-21.) As to Evans' claims concerning ineffective assistance of appellate counsel, the magistrate judge reviewed the Minnesota Supreme Court's merits analysis of appellate counsel in Evans II, and found that that court's conclusion was, consistent with 28 U.S.C. § 2254(d)(1), neither contrary to, nor an unreasonable application of federal law. (Id. at 18.) Finding Evans' ineffective assistance claims meritless, the magistrate judge recommended that they be dismissed with prejudice. (Order of 9/19/12 at 3 [Doc. No. 30].)

Evans filed Objections to the R&R, contesting the magistrate judge's resolution of the following claims: (1) denial of a fair trial due to juror bias; (2) prosecutorial misconduct; (3) ineffective assistance of trial and appellate counsel; and (4) the denial of a Certificate of Appealability. (Objections [Doc. No. 28].) In this Court's Order of September 19, 2012, the Court found that the magistrate judge had correctly determined that Evans' ineffective assistance of trial counsel claim was barred by Knaffla. (Order of 9/19/12 at 11 [Doc. No. 30].) The Court likewise rejected Evans' claim of ineffective assistance of appellate counsel, agreeing that the Minnesota Supreme Court's resolution of this claim was neither contrary to, nor an unreasonable application of federal law. (Id. at 12-13.) Accordingly, this Court adopted the recommendations of the magistrate judge, dismissed the habeas corpus petition with prejudice, and denied Petitioner a certificate of appealability. (Id. at 14-15.)

In October 2012, Evans appealed this Court's decision to the Eighth Circuit Court of Appeals, which reviewed this Court's file and, on May 24, 2013, denied Evans' application for a certificate of appealability. (Judgment [Doc. No. 39].) The Eighth Circuit therefore dismissed his appeal (id.), and subsequently denied Evans' petition for rehearing en banc. (8th Cir. Order of 7/17/13 [Doc. No. 40].) On October 15, 2013, Evans filed a petition for a writ of certiorari to the United States Supreme Court, which was denied on January 30, 2014 [Doc. No. 43]. On May 5, 2014, Evans filed the instant Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) [Doc. No. 44]. Petitioner requests that this court re-open his § 2254 habeas action and award relief.

## II. DISCUSSION

Under the Anti–Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244, the following requirements apply to second or successive habeas applications: (1) any claim previously adjudicated in a previous petition must be dismissed; (2) any claim that has not been adjudicated must be dismissed unless it relies upon a new or retroactive rule of constitutional law or facts showing a high likelihood of actual innocence; and (3) before the district court accepts a successive petition for filing, the court of appeals must determine that it raises a claim not previously presented sufficient to meet the new-rule or actual-innocence requirements. Gonzalez v. Crosby, 545 U.S. 524, 529-30 (2005); Clay v. Bowersox, 628 F.3d 996, 998 n.2 (8th Cir. 2011).

Federal Rule of Civil Procedure 60(b) provides for relief from judgment for several reasons, including mistake, newly discovered evidence, fraud, a void judgment, a

satisfied judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). Although a habeas petitioner may seek relief under Rule 60(b), such relief must be consistent with the AEDPA. <u>Gonzalez</u>, 545 U.S. at 529.

When a district court is presented with a Rule 60(b) motion, the Eighth Circuit has instructed district courts to conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion amount to a second or successive habeas corpus application under either 28 U.S.C. § 2255 or § 2254. <u>Boyd v. United States</u>, 304 F.3d 813, 814 (8th Cir. 2002). The Eighth Circuit thus performs a "gatekeeping function to decide whether to grant preauthorization for the petition to be considered." <u>Crawford v. Minnesota</u>, 698 F.3d 1086, 1088 (8th Cir. 2012). If the district court finds that a Rule 60(b) motion is actually a successive habeas petition, the court should dismiss it for failure to obtain authorization from the Eighth Circuit, or transfer the motion to the Eighth Circuit. <u>Boyd</u>, 304 F.3d at 814.

"A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim." <u>Ward v. Norris</u>, 577 F.3d 925, 933 (8th Cir. 2009). A Rule 60(b) motion contains a claim if it attacks the federal court's earlier resolution of the claim on the merits, or seeks to add a new ground for relief. <u>Gonzalez</u>, 545 U.S. at 532. In contrast, a Rule 60(b) motion "does not attack a federal court's determination on the merits if it 'merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.'" <u>Ward</u>, 577 F.3d at 933 (citing <u>Gonzalez</u>, 545 U.S.

at 532, n.4).

Evans seeks relief under Rule 60(b)(6) – the catch-all provision – which provides relief from final judgment for "any reason that justifies relief." (Pet'r's Mem. Supp. Rule 60(b)(6) Mot. at 2 [Doc. No. 44].) As the basis for Rule 60(b) relief, Petitioner asserts claims of ineffective assistance of trial and appellate counsel, prosecutorial misconduct, and denial of hearings before this Court and the Eighth Circuit. (Pet'r's Mem. Supp. R. 60(b)(6) Mot. at 2-3 [Doc. No. 44].) Relying on two recent Supreme Court cases, Trevino v. Thaler, __ U.S. __, 133 S. Ct. 1911 (2013), and Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309 (2012), Evans argues that these cases establish a change in the law entitling him to relief under Rule 60(b).

In Coleman v. Thompson, 501 U.S. 722, 752–55 (1991), the Supreme Court held that the ineffective assistance of counsel during state post-conviction proceedings does not constitute "cause" to excuse procedural default. The Supreme Court's rulings in Martinez, 132 S. Ct. 1309, and Trevino, 133 S. Ct. 1911, created a narrow exception to the Coleman rule, holding that, under some circumstances, ineffective assistance of counsel can provide cause to excuse procedural default.[3] One of the requirements for the

---

[3] In Martinez, the Supreme Court ruled that where state law requires that claims of ineffective assistance of trial counsel be raised in an initial-review collateral proceeding, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S. Ct. at 1320. In Trevino, the Supreme Court extended its ruling in Martinez to cases in which "the [state's] procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a

8

application of the Martinez/Trevino exception to excuse a habeas petitioner's procedural default is that the claim of ineffective assistance of trial counsel in the habeas petition was a "substantial" claim. Trevino, 133 S. Ct. at 1918. A substantial claim of ineffective assistance is one that has some merit. Dansby v. Hobbs, __ F.3d __, 2014 WL 4378753, at *20 (8th Cir. Sept. 5, 2014) (citing Martinez, 132 S. Ct. at 1318). In Strickland v. Washington, 466 U.S. 668, 694 (1984), the Supreme Court held that a defendant asserting a claim of ineffective assistance must demonstrate (1) that the lawyer's performance was deficient; and (2) that the deficiency prejudiced the defendant's case.

### A.    Ineffective Assistance of Trial Counsel

As the Eighth Circuit has instructed in Boyd, this Court must first determine whether the portion of Evans' Rule 60(b) motion concerning ineffective assistance of trial counsel constitutes a second or successive habeas corpus application. Boyd, 304 F.3d at 814. As noted, this Court previously determined that Evans was procedurally barred from asserting an ineffective assistance of trial counsel claim. (Order of 9/12/12 at 11-12 [Doc. No. 30].) Because this Court did not reach the merits of that claim, the Court does not construe Evans' Rule 60(b) motion for reconsideration of that decision as a successive habeas corpus claim. Gonzalez, 545 U.S. at 532, n.4 (finding that a petitioner does not assert a habeas corpus claim "when he merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for . . . procedural

---

claim of ineffective assistance of trial counsel on direct appeal. . . ." 133 S. Ct. at 1921.

default.").

Although the Minnesota Supreme Court found Evans' claims of ineffective assistance of trial counsel to be Knaffla-barred on post-conviction review, it nevertheless reviewed trial counsel's performance in order to evaluate Evans' claims of ineffective assistance of appellate counsel. Evans II, 788 N.W.2d at 47. The court found that Evans failed to establish that his trial counsel rendered ineffective assistance. Id. Evans has submitted nothing here to demonstrate that his ineffective assistance of trial counsel assertions have any merit. Therefore, his assertions are not substantial, and the Martinez/Trevino exception does not apply. Martinez, 132 S. Ct. at 1320; Trevino, 133 S. Ct. at 1918.

In addition, to obtain Rule 60(b) relief from judgment, the movant must demonstrate "extraordinary circumstances." Gonzalez, 545 U.S. at 535. "Generally, a change in the law that would have governed the dispute, had the dispute not already been decided, is not by itself an extraordinary circumstance." Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs. Inc., 194 F.3d 922, 925 (8th Cir.1999). In Gonzalez, the Supreme Court determined that a change in decisional law does not constitute extraordinary circumstances to warrant Rule 60(b) relief. Gonzalez, 545 U.S. at 536–37 (concerning AEDPA's statute of limitations). Although the Eighth Circuit does not appear to have addressed this precise issue post-Martinez/Trevino, several other district courts within the Eighth Circuit have found that the change in law under Martinez and/or Trevino was merely decisional and therefore does not constitute extraordinary

circumstances warranting Rule 60(b) relief from judgment. See, e.g., Hyatt v. Hobbs, No. 2:12-cv-02081, at *3, 2014 WL 3729849 (W.D. Ark. July 28, 2014) (observing that the consensus is that Martinez/Trevino does not constitute a new rule of constitutional law and that the narrow exception to Coleman created by Martinez is not the kind of "extraordinary circumstance" meriting Rule 60(b) relief); Scott v. Hobbs, No. 5:04-cv-00082-KGB, 2014 WL 3700581, at *2 (E.D. Ark. July 25, 2014) (agreeing with other courts that the rules on procedural default in Martinez/Trevino do not constitute extraordinary circumstances); DeJournett v. Luebbers, No. 4:01-CV-1341 (CEJ), 2014 WL 81837, at *3 (E.D. Mo. Jan. 9, 2014) (observing that a change in decisional law does not constitute extraordinary circumstances and that Martinez does not "justify intrusion into the finality of movant's former § 2254 judgment."). The Court agrees with the reasoning of its sister courts and finds that the change in law under Martinez/Trevino does not constitute extraordinary circumstances warranting Rule 60(b) relief. For all of these reasons, the portion of Evan's Rule 60(b) motion based on ineffective assistance of trial counsel is therefore denied.

### B.   Ineffective Assistance of Appellate Counsel

With respect to Evans' assertion of ineffective assistance of appellate counsel, this Court must again determine whether this basis for Rule 60(b) relief constitutes a second or successive habeas petition. Boyd, 304 F.3d at 814. In this Court's habeas Order, it reviewed the Minnesota Supreme Court's post-conviction review of Evans' claims of ineffective assistance of appellate counsel. (Order of 9/19/12 at 12 [Doc. No. 30]. This

Court found that the Minnesota Supreme Court's conclusion that such claims were meritless was neither contrary to nor an unreasonable application of federal law. (Id.) Having previously addressed the merits of Evans' ineffective assistance of appellate counsel habeas claim, to the extent that he seeks Rule 60(b) reconsideration of this issue, this constitutes a second or successive habeas claim. Gonzalez, 545 U.S. at 532 (finding that a Rule 60(b) motion contains a claim – and therefore may constitute a second or successive habeas application – if it attacks the federal court's earlier resolution of the claim on the merits, or seeks to add a new ground for relief).

Because Evans failed to obtain certification from the Eighth Circuit to file a successive habeas claim, 28 U.S.C. § 2244(b)(3)(A), this Court cannot consider it. Boyd, 304 F.3d at 814. Moreover, even if the Court could consider it, the Eighth Circuit recently ruled that Martinez does not extend to claims alleging ineffective assistance of appellate counsel. Dansby, 2014 WL 4378753, at *20 (observing that the Sixth Amendment's right to trial counsel is a "bedrock principle" in our legal system, while the right to appellate counsel is of more recent origin; moreover Martinez itself is limited to ineffective assistance of counsel at trial).

      **C.**    **Prosecutorial Misconduct**

As to the portion of Evans' motion concerning assertions of prosecutorial misconduct, this Court previously addressed Evans' prosecutorial misconduct habeas claim on the merits. (Order of 9/19/12 at 8-9 [Doc. No. 30].) Accordingly, any reassertion of this claim in Evans' Rule 60(b) motion constitutes a second or successive

habeas petition, Boyd, 304 F.3d at 814, for which authorization from the Eighth Circuit is required.  28 U.S.C. § 2244(b)(3)(A).

Moreover, to the extent that Evans relies on Martinez/Trevino for this ground of relief, these rulings are unavailing.  Martinez/Trevino concern a narrow exception to Coleman involving claims of ineffective assistance of counsel and are therefore inapplicable to a Rule 60(b) claim based on prosecutorial misconduct.  Moreover, even if the Court could consider Petitioner's prosecutorial misconduct claim, the claim is meritless, for all of the reasons set forth in the Court's Order.  (Order of 9/19/12 at 8-9 [Doc. No. 30].)

### D.     Hearings

Finally, Petitioner argues in his Rule 60(b) memorandum that this Court should have held a hearing to consider his habeas arguments.  (Pet'r's Mem. Supp. Mot. Supp. R. 60(b)(6) Mot. at 3 [Doc. No. 44].)  Similarly, he contends that the Eighth Circuit should have convened an evidentiary hearing on his appeal.  (Id.)  While this claim does not go to the merits, and therefore is not a successive habeas claim, see Gonzalez, 545 U.S. at 532, the Court rejects this basis for Rule 60(b) relief.

Evidentiary hearings for habeas corpus petitioners are available in very limited circumstances.  The law is clear that unless a habeas petitioner fails to develop the factual basis of a claim in the state courts,

> the federal district court may not hold an evidentiary hearing unless the applicant shows that the claim relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence" and

13

that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

Osborne v. Purkett, 411 F.3d 911, 915 (8th Cir. 2005) (quoting 28 U.S.C. § 2254(e)(2)). The limited bases on which a habeas-related hearing may be held do not arise here. In addition, although the Eighth Circuit also observed in Osborne that an evidentiary hearing may be held in certain cases involving new rules on constitutional law, id. at 915, n.5 (citing 28 U.S.C. § 2254(e)(2)(A)(i)), this situation is not presented here, for all of the reasons discussed above.

As to Evan's claim of entitlement to an appellate evidentiary hearing, any such claim is without merit. The Rules of Appellate Procedure provide that no oral argument is required – much less an evidentiary hearing – when a three-judge panel examines the briefs and record and unanimously agrees that oral argument is unnecessary for any of the following reasons: (1) the appeal is frivolous; (2) the dispositive issue or issues have been authoritatively decided; or (c) the facts and arguments are adequately presented in the briefs and record. Fed. R. App. P. 34(a)(2). The record here reveals that Judges Murphy, Bowman and Bye carefully reviewed Evans' application for a certificate of appealability and appointment of counsel following this Court's denial of his habeas petition. (Judgment [Doc. No. 39].) Following the Eighth Circuit's review, the court dismissed Evans' appeal and denied as moot his motion for appointment of counsel. (Id.)

Because both this Court and the Eighth Circuit properly entertained Evans' filings without oral argument, this does not form the basis of Rule 60(b) relief. To the extent

that Evans argues that Martinez/Trevino provide some basis for this portion of his Rule 60(b) motion, the Court rejects any such argument.  Again, because those decisions specifically concern claims involving ineffective assistance of counsel, they are inapplicable to Evans' claims concerning hearings.  Accordingly, as both this Court and the Eighth Circuit were not required to hold hearings concerning Evans' habeas petition and his appeal, and no extraordinary circumstances warrant Rule 60(b) relief on this ground, Petitioner's claim for relief on this ground is denied.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) [Doc. No. 44] is **DENIED**; and

2. Petitioner's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. No. 45] is **DENIED AS MOOT**.

Dated:   October 20, 2014

　　　　　　　　　　　　　　　　　　　s/Susan Richard Nelson
　　　　　　　　　　　　　　　　　　　SUSAN RICHARD NELSON
　　　　　　　　　　　　　　　　　　　United States District Judge